IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-HC-2200-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOUGLAS ATHERTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion (DE # 16) of respondent Douglas Atherton ("respondent"), seeking dismissal of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and opposes the motion. The matter is ripe for ruling. For the following reasons, respondent's motion is denied.

In the present action, the government seeks to commit respondent as a "sexually dangerous person" pursuant to § 4248, which was enacted as part of the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) (hereinafter "Adam Walsh Act"). Petitioner filed the certification commencing this action on November 5, 2007. On January 10, 2008, the court issued an order holding this action in abeyance pending the outcome of the government's appeal of an order in another commitment action in this district, which held § 4248 unconstitutional. See United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007). On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010) ("Comstock I"), held § 4248 valid under the Necessary and Proper Clause and remanded Comstock to the Fourth Circuit Court of Appeals for further proceedings. On June 11, 2010, this court lifted the stay of this

action. On December 6, 2010, the Fourth Circuit's opinion on remand in Comstock upheld the constitutionality of the standard of proof prescribed by § 4248. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011) ("Comstock II"). Therefore, the appellate decisions in Comstock I and Comstock II provide no basis for dismissal.

On January 31, 2011, the court entered a scheduling order. On February 3, 2011, respondent filed both a motion for a hearing to determine the merits of the commitment action as well as the present motion. On May 6, 2011, the court granted respondent's motion for a hearing on the merits. The commitment hearing is tentatively scheduled for a session of court commencing on November 28, 2011.

Respondent asserts that § 4248 is criminal rather than civil in nature and that he should be afforded the same constitutional protections afforded in a criminal proceeding. (Mem. Supp. Mot. Dismiss 2-9). The court rejects this argument. The Fourth Circuit's opinion in Comstock II, 627 F.3d at 520-24 strongly suggests, and this court finds, that § 4248 is a civil proceeding.[1] Accordingly, respondent's *ex post facto* and Double Jeopardy challenges fail.

Respondent further asserts that § 4248 violates the constitutional guarantee of equal protection. He argues that the statute unlawfully discriminates between individuals in federal custody and those who are not. (Mem. Supp. Mot. Dismiss 9-10). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly

---

[1] Because of the procedural posture of Comstock II, the Fourth Circuit declined to specifically adopt the view that § 4248 is civil, not criminal in nature. Comstock II, 627 F.3d at 518 n. 1; but see United States v. Broncheau, 645 F.3d 676, 689 n.* (4th Cir. 2011) (Wynn, J., concurring) ("[T]he argument that § 4248 proceedings, although nominally civil, were actually criminal . . . was foreclosed when, in Comstock II, we reiterated that § 4248 is in fact a civil commitment statute. See Comstock II, 627 F.3d at 520 ('[T]he purpose and structure of the commitment process render it unlike any criminal prosecution.')").

2

situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted).[2] Ordinarily, when a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute at issue is rationally related to a legitimate governmental interest. Id. at 440; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). However, a statute that implicates a fundamental right or a suspect class triggers the more demanding "strict scrutiny" test and will be sustained only if it is narrowly tailored to serve a compelling government interest. City of Cleburne, 473 U.S. at 440.

The United States Supreme Court has not squarely addressed the level of scrutiny that should be applied in cases involving challenges to civil commitment statutes. See Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004). Respondent argues that strict scrutiny should be applied because of the liberty interest at stake. (Mem. Supp. Mot. Dismiss 9). However, several lower federal courts have discussed this issue in the context of challenges to § 4248 and have concluded that the rational basis standard of review applies. See United States v. Coho, No. 09-CV-754-WJ, 2009 WL 3156739, at *7 (D.N.M. Sept. 18, 2009); United States v. Shields, 522 F. Supp. 2d 317, 340 (D. Mass. 2007); United States v. Carta, 503 F. Supp. 2d 405, 408 (D. Mass. 2007), aff'd, 592 F.3d 34, 44 (1st Cir. 2010). The court adopts the reasoning of these decisions and finds that the rational basis standard of review should be applied to this case.

Respondent's equal protection argument fails because "sexually dangerous persons in the custody of the federal government are not similarly situated to sexually dangerous persons not

---

[2] If a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974).

charged with a federal crime or serving a federal sentence." Shields, 522 F. Supp. 2d at 341. A different conclusion has been reached in other cases in this district, which are currently on appeal to the Fourth Circuit. See, e.g., United States v. Timms, ___ F. Supp. 2d ___, 2011 WL 2610566, *6-*7 (E.D.N.C. July 1, 2011), appeal docketed, No. 11-6886 (4th Cir. July 15, 2011). Should an appellate decision conflict with this order, respondent may reassert his equal protection challenge.

Respondent's additional due process challenges are without merit. Respondent argues that due process requires the application of "clear, cogent, and convincing evidence" as the standard of proof in a § 4248 commitment action, rather than the "clear and convincing evidence" standard required by the statute. (Mem. Supp. Mot. Dismiss 10-12). This argument is foreclosed by Comstock II where the Fourth Circuit held that the "clear and convincing evidence" standard does not violate the constitutional guarantee of due process. Comstock II, 627 F.3d at 524.

Finally, respondent asserts that the terms of § 4248 and the definitions thereof found in 18 U.S.C. § 4247(a)(5) and (6) are vague and overbroad. (Mem. Supp. Mot. Dismiss 12-13). The court rejects this argument. The terms of the statute are not so vague that men of common intelligence must necessarily guess at their meaning and differ as to their application. See Carta, 592 F.3d at 43; Timms, 2011 WL 2610566 at *4.

For all of the foregoing reasons, the motion to dismiss (DE # 16) is DENIED WITH PREJUDICE in part, and DENIED WITHOUT PREJUDICE in part, as described herein.

SO ORDERED, this the 29th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4

Case 5:07-hc-02200-FL   Document 40   Filed 09/30/11   Page 4 of 4