IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-HC-2200-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOUGLAS ATHERTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion (DE # 46) of respondent Douglas Atherton ("respondent"), seeking dismissal of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and opposes the motion. In this posture, the issues raised are ripe for ruling.

In the present action, the government seeks to commit respondent as a "sexually dangerous person" pursuant to § 4248. Respondent contends that the delay of over four years between the commencement of this action and the commitment hearing, which is scheduled to begin on April 19, 2012, violates his due process rights under the Fifth Amendment to the United States Constitution.

Petitioner filed the certification commencing this action on November 5, 2007, the date on which respondent would have been released from confinement under a separate criminal sentence. The filing of the certificate automatically stayed his release pending completion of § 4248 procedures. See 18 U.S.C. § 4248(a). On January 10, 2008, the court entered order holding this action in abeyance pending the outcome of the government's appeal of an order in another

commitment action in this district, which held § 4248 unconstitutional. See United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007).

On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010) ("Comstock I"), held § 4248 valid under the Necessary and Proper Clause and remanded Comstock to the Fourth Circuit Court of Appeals for further proceedings. On June 11, 2010, this court lifted the stay of this action. On August 4, 2010, the court issued Standing Order 10-SO-01, governing the administration and management of § 4248 actions in this district. The standing order provided that, during the ongoing appellate review of the constitutionality of the statute, "if an individual respondent would like to proceed with the litigation of the government's petition for his commitment, counsel for the respondent shall inform the court of the respondent's desire to proceed with a hearing by filing a motion for a hearing." Standing Order 10-SO-01, ¶ 3(b).

On December 6, 2010, the Fourth Circuit's opinion on remand in Comstock upheld the constitutionality of the standard of proof prescribed by § 4248. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011) ("Comstock II"). On January 31, 2011, the court entered a scheduling order establishing a procedure for the commencement of discovery in this and other § 4248 cases then pending before the undersigned, in which the respondents had not requested a hearing on the merits. On February 3, 2011, respondent filed a motion requesting – for the first time – a hearing to determine the merits of the commitment. Although respondent requested a commitment hearing, he did not object to the scheduling order, which established a discovery process to last approximately six months.

Pursuant to the scheduling order, discovery commenced on March 1, 2011. It appears neither party complied with its respective deadline for initial disclosures. Petitioner's deadline for initial

2

disclosures was April 29, 2011, but petitioner did not file its experts' reports until May 3, 2011. Assuming the filing of these reports completed petitioner's initial disclosures, respondent's initial disclosures were due July 5, 2011. Respondent did not request an extension of this deadline, but the report of the respondent-selected examiner, a required initial disclosure, was not filed until August 17, 2011.

In September 2011, the court scheduled the commitment hearing for a session of court commencing on November 28, 2011, but this case was not reached during the session.[1] Counsel for both parties appeared for a status conference on January 6, 2012, for the purpose of scheduling commitment hearings for a session of court commencing January 17, 2012. Petitioner orally requested a continuance to a date later than the session commencing on January 17, 2012, and respondent did not object. On January 27, 2012, the court entered order setting the commitment hearing for February 14, 2012. On February 2, 2012, the parties filed a joint motion for continuance, which the court granted by text order on February 7, 2012. On February 17, 2012, the court entered order setting the commitment hearing for April 19, 2012.

In another § 4248 case arising in this district, the Fourth Circuit held that a lengthy delay between certification and commitment hearing did not violate due process. See United States v. Timms, 664 F.3d 436, 455 (4th Cir. 2012). The court noted that "the Government simply cannot be held responsible for the time period during which [the respondent's] case remained in abeyance

---

[1]The certification in the four cases reached during the session pre-dated the certification filed in the present action See United States v. Comstock, No. 5:06-hc-2195-BR (E.D.N.C.) (certification date November 2, 2006); United States v. Revland, No. 5:06-HC-2212-BR (E.D.N.C.) (certification date December 6, 2006); United States v. Barrett, No. 5:07-HC-2097-FL (E.D.N.C.) (certification date May 18, 2007); United States v. Burkhardt, No. 5:07-HC-2125-D (E.D.N.C.) (certification date July 6, 2007).

3

throughout the lengthy appellate proceedings in Comstock." Id. at 453. Moreover, the court cited numerous factors supporting its decision, all of which are also present here:

> . . . a new statute with debatable constitutionality; a properly filed Government certification followed by the district court's sua sponte placement of the case in abeyance; [the respondent's] failure to request a hearing earlier in this action; an unusually lengthy appellate resolution of the constitutionality of the statute; the burdens associated with the consolidation of § 4248 commitment actions into one judicial district; and the time necessary to prepare for a § 4248 commitment hearing.

Id. at 454. Accordingly, the delay in this case does not constitute a due process violation. Furthermore, even if the delay did give rise to a due process violation, "the proper remedy would not be release, but to conduct the hearing and adjudicate whether [respondent] is a 'sexually dangerous person' under the statute." Id. at 455 n.19. The commitment hearing will proceed as scheduled on April 19, 2012.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 46) is DENIED.

SO ORDERED, this the 18th day of April, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge